IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAURIE L. MOSS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>J. C. PENNEY COMPANY, INC., )<br>)<br>Defendant. ) | 02: 05cv1289 |

**MEMORANDUM ORDER**

On July 21, 2005, Plaintiff commenced this action in the Court of Common Pleas of Mercer County, Pennsylvania, by the filing of a Writ of Summons.  On or about September 12, 2005, Plaintiff served Interrogatories and Request for Production In Aid of Preparation of Complaint Directed to Defendant.  On September 19, 2005,  Defendant J. C. Penney Company, Inc., filed the instant notice of removal, in which it states that this Court has diversity jurisdiction  pursuant to 42 U.S.C. § 1332.  *See* Notice of Removal at 5.

Federal courts, being courts of limited jurisdiction, have a continuing duty to satisfy themselves of jurisdiction before addressing the merits of a case.  *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1049 (3d Cir. 1993).  Moreover, federal courts have the obligation to address the question of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999).  In addition, the removal statute, 28 U.S.C. § 1441, must be strictly construed to honor Congress' intent to restrict federal diversity jurisdiction.  *Samuel-Bassett v. KIA Motors Am., Inc*., 357 F.3d 392, 396 (3d Cir. 2004).

When the parties are citizens of different states, district courts will exercise jurisdiction over a removed case if the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The removing party bears the burden of proving to a legal certainty that federal subject matter jurisdiction exists. *Samuel-Bassett*, 357 F.3d at 396. All doubts about jurisdiction must be resolved in favor of remand. *Id*. at 403.

The sole question for the Court is whether the writ of summons and/or the Interrogatories and Request for Production In Aid of Preparation of Complaint Directed to Defendant in this case, which were originally filed in the Court of Common Pleas of Mercer County, establish subject matter jurisdiction on their face. Upon review, the Court concludes that there is no information in either the writ of summons or the Interrogatories and Request for Production in Aid of Preparation of Complaint Directed to Defendant upon which this Court can determine the existence of federal jurisdiction.

Accordingly, this case will be remanded to the Court of Common Pleas of Mercer County, without prejudice.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAURIE L. MOSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 05cv1289 |
| | ) | |
| J. C. PENNEY COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OF COURT**

AND NOW, this 23rd day of September, 2005, it is hereby **ORDERED**,

**ADJUDGED, AND DECREED** that this case is **REMANDED FORTHWITH** to the Court of

Common Pleas of Mercer County, Pennsylvania, without prejudice.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:  William G. McConnell, Jr., Esquire
 Ekker, Kuster, McConnell & Epstein
 One East State Street, PO Box 91
 Suite 400
 Sharon, PA 16146

 Jennifer Keadle Mason, Esquire
 Mintzer, Sarowitz, Zeris, Ledva & Meyers
 1528 Walnut Street
 22nd Floor
 Philadelphia, PA 19102